## BENKERT v. FEDER et al.

### (*Circuit Court, N. D. California.* March 26, 1888.)

TRADE-MARKS—INFRINGEMENT—MEASURE OF DAMAGES.

The owner is entitled to recover of the infringer of a trade-mark the profits arising from the sale of the spurious goods, with the trade-mark impressed upon them. He is not limited to the difference between the price for which the spurious goods would sell without, and the price of the same goods with, the trade-mark impressed upon them.

(*Syllabus by the Court.*)

Suit for Infringement of Trade-Mark.

*M. A. Wheaton*, for complainant.

*Mastick, Belcher & Mastick*, for defendants.

SAWYER, J. This is a suit for the infringement of a trade-mark "C. Benkert & Son," used by the plaintiff, doing business under that name, as the successor in interest of a Philadelphia firm of which he was an original member, engaged in the manufacture and sale of boots and shoes, upon which the trade-mark was stamped. There is no doubt in my mind, as to the right of the plaintiff as an original owner in part, and successor in interest to the business to this trade-mark acquired by many years use, (more than a third of a century,) and so generally known as to have almost become a part of the public history of the country. And I have as little doubt that defendants knowingly and willfully infringed, by using the words "C. F. Benkert & Son, Phila.," and "C. F. Benkert & Son," on at least 250 dozen pairs of boots and shoes sold by them. The boots and shoes so sold were not manufactured by defendants, but purchased from other manufacturers at the East, and then sold by them with the simulated trade-mark of plaintiff stamped upon the soles and on the inside of the boot-top. Such sale is admitted by the defendants in their answer and in the testimony of defendant Feder. It does not appear whether they were so stamped before or after purchase by defendants, but they were sold with the trade-mark stamped upon them.

The defendants insist that the measure of damages or profits should be limited to the difference in price for which the goods would sell with the trade-mark upon them and the price for which the same goods would sell without it. I am unable to adopt any such rule. It would be exceedingly indefinite, and equivalent to giving no damages or profits at all. How would it be possible for any one to say how much less a pair of boots or shoes would sell without, than with the trade-mark upon it? There would be no definite measure of compensation for the injury. One who deliberately and knowingly uses another's trade-mark commits a palpable and unmitigated fraud, for which there is no possible excuse. He seeks to avail himself of the good reputation of another's goods, and puts his own goods,—usually, if not always, of an inferior quality,—upon the market, thereby not only fraudulently cutting off the market from the party who has by years of labor, and at great expense, established a reputation for his wares, but in addition to this injury destroys or injures largely that reputation which is the foundation of the owner's business, by selling inferior goods under his trade-mark, thereby leading the world to believe that the inferior goods are his. To adopt as the measure of compensation for such injuries the difference between the price for which the spurious goods would sell without the trade-mark and for which they will sell with it imprinted thereon would be a mockery of justice. In my judgment the infringer should at least account for the entire profits made upon the goods wrongfully sold with the trade-mark impressed thereon. And this is the rule established, after mature consideration, in *Graham* v. *Plate*, 40 Cal. 598; *Sawyer* v. *Kellogg*, 9 Fed. Rep. 601. There may also be damages beyond the mere profits resulting to the owner of the trade-mark infringed, which he may recover. See, also, Cod. Trade-Marks, §§ 237, 246. I do not think there is any just analogy with respect to profits and damages between the infringement of a trade-mark and a patent for an improvement in a machine. A machine may embrace inventions for half a dozen improvements, for each of which there is a patent held by different individuals. One machine might infringe them all. In such case, each would be entitled to recover the profits attributable to his own invention, and not the profits made upon the machine as an entirety. There is no analogy to such a case on the infringement of a trade-mark. The infringer fraudulently attaching another man's property to his own occasions only a confusion of property with a view of taking advantage of that other's property. The trade-mark sells the whole article, however inferior or injurious in that particular, and prevents the sale of the owner's goods of equal amount. At least that is the fraudulent purpose, and the natural tendency, whether always accomplished or not; and the injured party should have at least the whole profit resulting from the wrongful act, and such I understand and hold the rule to be. The damage may be much more arising from destroying the reputation of the owner's goods.

Let there be a decree for the complainant, in pursuance of the prayer of the bill. Let reference be made to the master to ascertain and report the amount of profits and damages.